**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| **CELL Film Holdings, LLC** | * | |
| 8383 Wilshire Blvd, Suite 310 | | |
| Beverly Hills, CA 90211 | * | |
| | | |
| Plaintiff | * | |
| | | |
| v. | * | Case No.: |
| | | |
| **Doe 1** | * | |
| IP Address: 73.135.8.125 | | |
| | * | |
| **Doe 2** | | |
| IP Address: 73.172.233.236 | * | |
| | | |
| **Doe 3** | * | |
| IP Address: 98.233.72.33 | | |
| | * | |
| **Doe 4** | | |
| IP Address: 69.255.131.53 | * | |
| | | |
| **Doe 5** | * | |
| IP Address: 73.212.4.205 | | |
| | * | |
| **Doe 6** | | |
| IP Address: 73.135.5.253 | * | |
| | | |
| **Doe 7** | * | |
| IP Address: 73.133.113.90 | | |
| | * | |
| **Doe 8** | | |
| IP Address: 73.173.65.4 | * | |
| | | |
| **Doe 9** | * | |
| IP Address: 73.133.72.97 | | |
| | * | |
| **Doe 10** | | |
| IP Address: 73.173.223.10 | * | |
| | | |
| **Doe 11** | **\*** | |
| IP Address: 24.126.64.61 | | |

**Doe 12**                                             *
IP Address: 73.129.178.217
                                                       *
**Doe 13**
IP Address: 98.231.136.52                              *

**Doe 14**                                             *
IP Address: 73.132.122.124
                                                       *
**Doe 15**
IP Address: 73.212.53.96                               *


            Defendants
                                                       *

*      *      *      *      *      *      *      *      *      *      *      *      *


## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, CELL Film Holdings, LLC, by and through its attorneys, Jeffrey R. Schmieler

and Saunders & Schmieler, P.C., files this Complaint and states:

## JURISDICTION AND VENUE

1.      In this action, CELL Film Holdings, LLC, seeks damages and injunctive relief

under the Copyright Act, alleging that each defendant is liable for: (1) direct copyright

infringement in violation of 17 U.S.C. §§ 106 and 501; and (2) contributory copyright

infringement. This Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 101, *et seq.*, 28

U.S.C. § 1331, and 28 U.S.C. § 1338.

2.      Does 1-15 reside in and/or do business in Maryland, and their acts of copyright

infringement were committed with knowledge that they would cause injury in Maryland. This

Court may exercise personal jurisdiction over each of the defendants.

3.      Venue is proper in this District and division under 28 U.S.C. § 1391(b) and (c): (i)

at least a substantial part of the acts giving rise to this action were committed in this District and

division; (ii) all, or at least a majority of the defendants reside and can be found in Maryland. Venue is also proper under 28 U.S.C. § 1400(a) because all or a majority of the defendants or the defendants' agents reside or may be found in Maryland.

## PARTIES

4.      CELL Film Holdings, LLC is a Delaware limited liability company with offices in Los Angeles, California. It owns the copyright to the mainstream motion picture, *CELL*. That film stars John Cusack, Samuel L. Jackson and Isabelle Fuhrman.

5.      CELL Film Holdings, LLC has sued Defendants Doe 1-15 using fictitious names because CELL Film Holdings, LLC does not know their true names or capacities—whether individual, corporate, associate, or otherwise. Each defendant is known to CELL Film Holdings, LLC only by an Internet Protocol address ("IP address"), which is a number assigned by an Internet Services Provider ("ISP") to devices, such as computers, that are connected to the Internet. An ISP can correlate a defendant's IP address to a defendant's true identity. As shown on Exhibit 1 to this Complaint, each of the defendants' acts of copyright infringement and contributory copyright infringement occurred using an IP address traced to a physical address located within this District. CELL Film Holdings, LLC intends to subpoena the ISPs that assigned the defendants' IP addresses in order to learn the identity of the account holders for the IP addresses. Often, the account holder will be a proper defendant in this case. Further discovery, however, may be necessary in some circumstances in order to be certain of the proper defendant's identity. CELL Film Holdings, LLC believes that it will learn the true names for each defendant through discovery, which will allow CELL Film Holdings, LLC to amend this Complaint to include each defendant's true name. CELL Film Holdings, LLC also believes that discovery will lead to the identification of additional persons who have infringed and contributed

to the infringement of its copyright, and those persons may be added to this action as additional defendants. CELL Film Holdings, LLC will amend this Complaint to include the proper names and capacities of the defendants and additional defendants when it learns that information. Upon CELL Film Holdings, LLC's information and belief, each of the defendants participated in and is responsible for the acts described in this Complaint and the damages resulting from those acts.

6.      Upon CELL Film Holdings, LLC's information and belief, each of the defendants performed, participated in, or abetted the acts, proximately caused CELL Film Holdings, LLC's damages, and is liable to CELL Film Holdings, LLC for the damages and relief sought in this Complaint.

7.      Joinder of the defendants is proper under Fed. R. Civ. P. 20(a)(2). Each defendant is jointly and severally liable for the infringing activities of the other defendants because each defendant contributed to the other defendants' infringement of CELL Film Holdings, LLC's copyright. The acts of infringement and contributory infringement alleged in this Complaint were part of a series of transactions over the course of a short period of time on June 14, 2016 involving the exact same piece of CELL Film Holdings, LLC's copyrighted work. The acts of infringement and contributory infringement were performed by the defendants acting in concert with one another. There are common questions of law and fact.

## FACTUAL BACKGROUND

**A.      CELL Film Holdings, LLC owns the copyright to the mainstream motion picture work, *CELL*.**

8.      CELL Film Holdings, LLC owns the copyright to the work, *CELL*, a mainstream motion picture, starring John Cusack, Samuel L. Jackson and Isabelle Fuhrman, completed in 2014. VOD / Streaming started June 10, 216 and it was theatrically released on July 8, 2016. The

work has been registered with the United States Copyright Office since October 23, 2014, under

registration number PAu 3-751-312.

**B.      The defendants used BitTorrent to infringe CELL Film Holdings, LLC's copyright**

9.      BitTorrent is one of the most common peer-to-peer file sharing protocols (*i.e.*, a

set of computer rules) used for distributing large amounts of data quickly.

10.      BitTorrent is popular because the protocol allows distribution of a large file

without creating a heavy load on the source computer and network. Instead of downloading a file

from a single source computer (*i.e.*, one computer directly connected to another computer), the

BitTorrent protocol allows uses to join a "swarm" of host computers to download and upload

from each other simultaneously. In such a swarm, each computer is connected to numerous

computers, downloading pieces of the file from them and uploading pieces of the file to them.

**1.      Each defendant installed a BitTorrent client onto his computer**

11.      A BitTorrent "client" is a software program that implements the BitTorrent

protocol. Numerous such client programs exist, and they may be downloaded directly from the

Internet.

12.      Once installed on a computer, the BitTorrent client serves as the user's interface

during the process of uploading and downloading data using the BitTorrent protocol.

13.      Each defendant installed a BitTorrent client on his computer.

**2.      The initial seed, torrent, hash, and tracker**

14.      A BitTorrent user that wants to upload a new file, known as an "initial seeder,"

starts by creating a "torrent" descriptor file using the client he installed onto his computer.

15.      The client then takes the target computer file, the "initial seed"—in this case

*CELL*—and divides it into identically sized groups of bits known as "pieces."

16.     The client then gives each one of the computer file's pieces—in this case, pieces of *CELL*—a random and unique alphanumeric identifier known as a "hash" and records these has identifiers in the torrent file.

17.     When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free. In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

18.     Torrent files also have an "announce" section, which specifies the URL (Uniform Resource locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by clients on peer computers to verify the integrity of the data they receive.

19.     The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

20.     The tracker computer or computers direct a peer user's computer to other peer users' computers that have particular pieces of the file—in this case *CELL*—on them and facilitates the exchange of data among the computers.

21.     Depending on the BitTorrent client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized tracking).

### 3.     Torrent sites

22.     "Torrent sites" are websites that index torrent files that are currently available for copying and distribution using the BitTorrent protocol. There are numerous torrent websites.

23.     Upon information and belief, each defendant went to a torrent site to upload and download *CELL*.

### 4. Uploading and downloading a work through a BitTorrent swarm

24. Once an initial seeder has created a torrent and uploaded it onto one or more torrent sites, other peers then begin to download and upload the computer file to which the torrent is linked—in this case, *CELL*—using the BitTorrent protocol and the BitTorrent client that each peer has installed on his computer.

25. The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file—*CELL* —to the peers seeking to download the computer file.

26. Once a peer receives a piece of the computer file, that peer then starts transmitting that piece to other peers. All of the peers and seeders work together in what is called a "swarm."

27. In this case, each defendant peer member participated in the same swarm, directly interacting with other members of that swarm, and received and transmitted pieces of *CELL* among the other members of the swarm.

28. Once a peer has downloaded the entire file, the BitTorrent client reassembles the pieces and the peer is able to view the movie. And once a peer has downloaded the full file, the peer becomes an "additional seed," continuing to distribute the torrent file, in this case *CELL.*

### 5. CELL Film Holdings, LLC's computer investigators identified each of the defendants' IP addresses as participants in a swarm that was distributing *CELL.*

29. CELL Film Holdings, LLC retained Maverickeye UG, a digital forensic investigation service, to identify the IP addresses belonging to those persons using the BitTorrent protocol to infringe its copyright in *CELL*.

30. Maverickeye uses forensic software to scan peer-to-peer networks for infringing transactions.

31.     Maverickeye extracted the data produced by its investigation, reviewed evidence logs, and isolated the transactions and IP addresses associated therewith for files identified by a specific hash value. In this case, Maverickeye isolated transactions and IP addresses for the files identified by the SHA-1 hash value of:

 SHA1: 41802F9EB8B6EEF8456BF6B58ACC8A4EBDD92EA8

(the "unique hash number").

32.     The IP addresses, unique hash number, and hit dates contained on Exhibit 1 accurately reflect what is contained in the evidence logs, and show that: (a) each defendant copied a piece of *CELL*, identified by the unique hash number; and, therefore, (2) each defendant took part in the same series of transactions through which he downloaded *CELL* and simultaneously transmitted *CELL* to other peers.

33.     For each of the transactions, each defendant's computer used its identified IP address to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the unique hash number.

34.     Maverickeye analyzed each BitTorrent piece distributed by each IP address listed on Exhibit 1 and verified that reassembling the pieces using a BitTorrent client results in a fully playable digital copy of *CELL*.

35.     Maverickeye viewed *CELL* side by side with the digital media file that correlates to the unique hash number and determined that they were identical, strikingly similar, or substantially similar.

36.     CELL Film Holdings, LLC has retained counsel to represent it in this matter and is obligated to pay its attorneys a reasonable fee for their services. All conditions precedent to bringing this action have occurred or been waived.

**COUNT I – DIRECT INFRINGEMENT**

37.     In Count I, CELL Film Holdings, LLC adopts the allegations in paragraphs 1-36 by reference.

38.     CELL Film Holdings, LLC owns the copyright for *CELL*.

39.     By using the BitTorrent protocol, a BitTorrent client, and the processes described above, each defendant copied *CELL*.

40.     CELL Film Holdings, LLC did not authorize, permit, or consent to the defendants' copying, reproducing, redistributing, performing, or displaying *CELL*.

41.     Each defendant infringed CELL Film Holdings, LLC's  exclusive rights to:

(a)     reproduce  in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(b)     redistribute copies of *CELL* to the public by sale or transfer of ownership, or by rental, lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(c)     perform *CELL* by showing the work's images, in violation of 17 U.S.C. §§ 106(4) and 501; and

(d)     display *CELL* by showing individual images of the work non-sequentially and transmitting the display of the work by means of a device or process to members of the public capable of receiving the display, in violation of 17 U.S.C. §§ 106(5) and 501.

42.     The defendants' acts of infringement were willful. Each defendant knew *CELL* is a copyrighted work, or at least committed his act of infringement with reckless disregard for the CELL   Film   Holdings,   LLC's   rights.   Each   defendant   illicitly   downloaded *CELL* or the express purpose of obtaining, for free, an illegal copy of the work, which the defendant would otherwise be required to pay for.

43.     By engaging in the acts of infringement alleged in this Complaint, the defendants deprived CELL Film Holdings, LLC of income that would have been derived when *CELL* was shown in public theaters and offered for sale or rental. The defendants' infringing conduct also diminished the income of all persons involved in the production and marketing of *CELL*, including the owners and employees of local theaters and retail outlets in Maryland.

44.     CELL Film Holdings, LLC has suffered damages proximately caused by the defendants' acts of copyright infringement, including, without limitation, lost sales and income, price erosion, and a diminution in the value of CELL Film Holdings, LLC's copyright in *CELL*.

**WHEREFORE**, CELL Film Holdings, LLC, requests that the Court:

(A)     permanently enjoin each defendant from continuing to infringe CELL Film Holdings, LLC's  copyright in *CELL* under 17 U.S.C. § 502;

(B)     order that each defendant delete and permanently remove the torrent file(s) relating to CELL Film Holdings, LLC's  copyrighted work from each computer or other electronic device within each defendant's possession, custody, or control under 17 U.S.C. § 502;

(C)     order that each defendant delete and permanently remove all copies of *CELL* from each computer or other electronic device within each defendant's possession, custody, or control under 17 U.S.C. § 502;

(D)     award CELL Film Holdings, LLC the greater dollar amount of either: (1) its actual damages plus any additional profits received by each defendant under 17 U.S.C. § 504(b); or (2) statutory damages of $150,000 per defendant under 17 U.S.C. § 504(c);

(E)     award CELL Film Holdings, LLC  its reasonable attorneys' fees and costs under 17 U.S.C. § 505; and

(F)     grant CELL Film Holdings, LLC other and further relief that the Court deems just and proper.

## COUNT II – CONTRIBUTORY INFRINGEMENT

45.     In Count II, CELL Film Holdings, LLC adopts the allegations in paragraphs 1-44 by reference.

46.     By participating in the BitTorrent Swarm with the other defendants, each defendant induced, caused, or materially contributed to the infringing conduct of each other defendant.

47.     CELL Film Holdings, LLC did not authorize, permit, or consent to any defendant inducing, causing, or materially contributing to any of the other defendants' infringing conduct.

48.     Each defendant had actual or constructive knowledge that the other BitTorrent users in the swarm were directly infringing CELL Film Holdings, LLC's copyright in *CELL* by copying constituent elements of the work from the defendant's computer. Each defendant directly participated and materially contributed to each other defendants' infringement of the copyright, and each defendant did so willfully.

49.     By engaging in the acts of contributory infringement alleged in this Complaint, the defendants deprived CELL Film Holdings, LLC of income that would have been derived when *CELL* was shown in public theaters and offered for sale or rental. The defendants' acts of contributory infringement also diminished the income of all persons involved in the production and marketing of *CELL*, including the owners and employees of local theaters and retail outlets in Maryland.

50.     CELL Film Holdings, LLC has suffered damages proximately caused by the defendants' acts of contributory infringement, including, without limitation, lost sales and income, price erosion, and a diminution in the value of CELL Film Holdings, LLC's copyright in *CELL*.

**WHEREFORE**, CELL Film Holdings, LLC requests that the Court:

(A)     permanently enjoin each defendant from continuing to infringe CELL Film Holdings, LLC's  copyright in *CELL* under 17 U.S.C. § 502;

(B)     order that each defendant delete and permanently remove the torrent file(s) relating to CELL Film Holdings, LLC's copyrighted work from each computer or other electronic device within each defendant's possession, custody, or control under 17 U.S.C. § 502;

(C)     order that each defendant delete and permanently remove all copies of *CELL* from each computer or other electronic device within each defendant's possession, custody, or control under 17 U.S.C. § 502;

(D)     award CELL Film Holdings, LLC the greater dollar amount of either: (1) its actual damages plus any additional profits received by each defendant under 17 U.S.C. § 504(b); or (2) statutory damages of $150,000 per defendant under 17 U.S.C. § 504(c);

(E)     award CELL Film Holdings, LLC its reasonable attorneys' fees and costs under 17 U.S.C. § 505; and

(F)      grant CELL Film Holdings, LLC other and further relief that the Court deems just

and proper.

Dated: September 1, 2016

                                        Respectfully submitted,


                                        /s/ Jeffrey R. Schmieler
                                        Jeffrey R. Schmieler, #02884
                                        Saunders & Schmieler, P.C.
                                        5405 Twin Knolls Road, Suite 5
                                        Columbia, Maryland 21045
                                        (301) 588-7717
                                        (301) 588-5073 Facsimile
                                        schmielerj@sslawfirm.com
                                        *Attorneys for CELL Film Holdings, LLC*